## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

| | |
|---|---|
| Ms. Rider, | ) |
| | ) |
| Plaintiff, | )    Civil Action No.: |
| | ) |
| v. | ) |
| | ) |
| Midland Credit Management, Inc., and | ) |
| Federal Bond and Collection Service, Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

For this Complaint, the Plaintiff, Terri L. Rider, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.      Plaintiff, Terri L. Rider (hereafter "Plaintiff"), is an adult individual residing at 1165 Palm Avenue #2C, Ft. Myers, Florida 33903, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant, Midland Credit Management (hereafter "Defendant"), is a foreign corporation with an address of 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      Defendant, Federal Bond and Collection Service (hereafter "FBCS"), is a foreign corporation with an address of 2200 Byberry Road, Suite 120, Hatboro, Pennsylvania, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

7.      The Plaintiff allegedly incurred two financial obligations that were primarily for family, personal or household purposes, and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The first alleged debt is listed by the Defendant as account number ending in -5851.The second alleged debt is listed by the Defendant as account number ending in -2142.

9.     The Defendant has attempted to collect both alleged debts from the Plaintiff on multiple occasions. Each attempt to collect on the alleged debt is a "communication" as defined in 15 U.S.C. § 1692a(2).

10.     The Defendant initially communicated with Plaintiff at her residence without her permission on June 8, 2012 through FBCS.

11.     During the June 8, 2012 communication, FBCS acting on behalf of Defendant failed to provide notice of verification rights as required by 15 U.S.C. §1692g(a).

12.     During the June 8, 2012 communication, Plaintiff orally requested debt verification from FBCS.

13.     On June 21, 2012, FBCS responded to Plaintiff's oral request for debt verification by sending a letter which incorrectly states that FBCS was "in receipt of [Plaintiff's] dispute letter requesting documentation" for account number -5851. The letter further stated that "there is no documentation available on this account". A true and correct copy of this letter is attached as EXHIBIT A.

14.     Thereafter, the Plaintiff requested a credit report on July 5, 2012. A true and correct copy of the Plaintiff's credit report is attached as EXHIBIT B.

15.     The credit report showed that the alleged debt associated with account number --5851 was reported "derogatory" by Defendant to Equifax and Transunion credit reporting agencies.

16.     The same credit report further showed the alleged debt associated with account number –2142 was reported "derogatory" by Defendant to Equifax and Transunion credit reporting agencies.

17.     The Plaintiff mailed the Defendant a letter via US Certified Mail on July 6, 2012, requesting the Defendant cease contacting her in an attempt to collect the alleged debt and demanded debt verification for account number --5851.  A true and correct copy of the Plaintiff's letter is attached as EXHIBIT C.

18.     The Plaintiff received a letter from Defendant on July 9, 2012 which contained no information that could be used to validate the alleged debt associated with account number --5851. A true and correct copy of Defendant's letter is attached as EXHIBIT D.

19.     The Defendant continued to communicate with Plaintiff regarding the alleged debt associated with account number -2142 on July 19, 2012. A true and correct copy of Defendant's letter is attached as EXHIBIT E.

20.     The Defendant ignored the Plaintiff's July 6, 2012 request to cease communication and continued to communicate with Plaintiff on or about July 27, 2012 when Defendant contacted Plaintiff by phone and left her a voicemail asking to speak with "Tracy L. Weaver".

21.    The Plaintiff received a letter on August 7, 2012 from HSBC, the original creditor, informing her that the alleged debt associated with account number --5851 was sold to Cavalry. The letter failed to mention Defendant. A true and correct copy of the HSBC letter is attached as EXHIBIT F.

22.    The Plaintiff also received a letter on August 7, 2012 from HSBC, the original creditor, informing Plaintiff that the alleged debt associated with account number –2142 was sold to NCEP LLC. The letter failed to mention Defendant. A true and correct copy of the HSBC letter is attached as EXHIBIT G.

23.    The Defendant mailed Plaintiff a pre-approval letter for a discount pay-off program for account number –5851 on August 10, 2012. A true and correct copy of this letter is attached as EXHIBIT H.

24.    The Plaintiff mailed Defendant a request for all documentation regarding any allegedly disputed debt on August 23, 2012. A true and correct copy of Plaintiff's letter is attached as EXHIBIT I.

25.    The Plaintiff received a denial letter from Chase Bank USA, N.A. on August 25, 2012, after Plaintiff attempted to obtain a line of credit through AMAZON.COM Visa Platinum Credit Card. The August 25, 2012 denial letter states that the denial was based on credit reports showing bad debt collection(s). A true and correct copy of the Chase Bank USA, N.A. denial letter is attached as EXHIBIT J.

26.     The Defendant mailed a response to Plaintiff's August 23, 2012 letter requesting documentation for the alleged debt on August 31, 2012. The August 31, 2012 response detailed the transactions allegedly associated with the debt for account number – 2142 occurring between 2009 and 2010. A true and correct copy of the Defendant's reply is attached as EXHIBIT K.

27.     The Defendant failed to adequately respond to Plaintiff's request for debt verification on the alleged debt associated with account number -5851, by sending incomplete and erroneous information regarding another allegedly disputed account on or about August 31, 2012.

28.     The Defendant ceased reporting account number -5851 as derogatory to Transunion on or about September 26, 2012.

29.     The Defendant ceased reporting account number -2142 as derogatory to Equifax on or about September 27, 2012 and have changed the status to "pays as agreed," incorrectly indicating that the Plaintiff is currently paying. A true and correct copy of the Equifax Credit Report is attached as EXHIBIT L.

30.     The Plaintiff suffered actual damages as a result of these illegal collection communications in the form of increased car insurance premiums, increased interest rates, lower credit scores, humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Defendant and FBCS contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

33.     The Defendant and FBCS failed to provide Plaintiff   the necessary validation pursuant to 15 U.S.C. §1692g(a) requiring the Defendant and FBCS provide the Plaintiff within five days after the initial communication the amount of the debt, the name of the creditor, and disclosures as to the consumer's rights and the available procedures for disputing the debt.

34.     The Defendant contacted the Plaintiff after having received written notification from the Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

35.     The Defendant failed to communicate to TransUnion, Experian, and Equifax that the disputed debt was in fact disputed as required by 15 U.S.C. §1692e(8).

36.     The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

37.     The Defendant failed to cease collection of the debt, or provide verification of the debt after the Plaintiff notified the debt collector in writing within the thirty-day period described in 15 U.S.C. §1692g(a) that the debt was disputed as prohibited in 15 U.S.C. §1692g(b).

38.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

39.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 .S.C. § 1681, *et seq.*

40.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.     The Defendant regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

42.     The Defendant did not notify the plaintiff at any time that the dispute was considered frivolous or irrelevant, or that plaintiff had failed to provide sufficient information to investigate the disputed information.

43.     The Defendant failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).

44.     The Defendant failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Plaintiff's notice of dispute was received at the offices of Plaintiff.

45.     The Defendant failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).

46.     The Defendant failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(b)(1)(C).

47.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER
## COLLECTION PRACTICES ACT
### Fla. Stat. § 559.55 *et seq.*

48.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.     The Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(2).

50.     The Defendant is a "consumer collection agency" and its individual collectors are each a "debt collector" as defined by Fla. Stat. § 559.55(6).

51.     The Defendant communicated information about the alleged debt to a third party, knowing that the third party did not have a business need for such information, in violation of Fla. Stat. § 559.72(5).

52.     As a result of Defendant's violations of Fla. Stat. § 559.77, the Plaintiff is entitled to damages.

## COUNT IV
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

53.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as,

"One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

56.     Florida further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Florida state law.

57.     Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls.

58.     The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

59.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

60.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

61.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual and statutory damages pursuant to Fla. Stat. § 559.77; Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff; Punitive damage; and Such other and further relief as may be just and proper.

### [INTENTIONALLY LEFT BLANK]

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Terri L.

Rider demands trial by jury in this action of all issues so triable.

Dated: <u>October 10, 2012</u>

Respectfully submitted,

By <u>*[signature]*</u>

Rinky S. Parwani, Trial Counsel
Florida Bar No. 639624
Parwani Law, P.A.
9905 Alambra Avenue
Tampa, FL 33619
Telephone: (813) 514-8280
Facsimile: (813) 514-8281
Email: rinky@parwanilaw.com

## [INTENTIONALLY LEFT BLANK]

## CERTIFICATE OF SERVICE

I hereby certify that on ___ŀ0___ of October, 2012, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non CM/ECF participants:

MIDLAND CREDIT MANAGEMENT, INC.
Corporation Service Company
1201 Hays St.
Tallahassee, FL, 32301

FEDERAL BOND & COLLECTION SERVICE, INC.
Corporation Service Company
1201 Hays Street
Tallahassee, FL, 32301.

Rinky S. Parwani
Florida Bar No. 639624
Attorney for Plaintiff
Parwani Law, P.A.
9905 Alambra Avenue
Tampa, FL 33619
Telephone: (813) 514-8280
Facsimile: (813) 514-8281
Email: rinky@parwanilaw.com